IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HUDSON HOMES & DESIGNS, LLC**                                   **PLAINTIFF**

v.             **CASE NO. 4:20-CV-00720-BSM**

**JOSHUA KENNEDY,** *et al.*                                                 **DEFENDANTS**

**CHRIS NELSON CONSTRUCTION, LLC**                       **CROSS-CLAIMANT**

v.

**JOSHUA KENNEDY,** *et al.*                                             **CROSS-DEFENDANTS**

## ORDER

Pursuant to the joint stipulation of dismissal [Doc. No. 50] and Federal Rule of Civil Procedure 41, Hudson Homes & Designs, LLC's ("Hudson Homes") claims against Michael Moore are dismissed with prejudice, and Moore is dismissed as a defendant. The motion for summary judgment of Joshua and Marcilyn Kennedy (the "Kennedys") [Doc. No. 51] is denied, and Hudson Homes's motion for partial summary judgment [Doc. No. 54] is denied. Chris Nelson Construction, LLC's ("CNC") motion for summary judgment [Doc. No. 57] is denied, and Hudson Homes's motion for joinder [Doc. No. 61] is denied as moot. Michael Moore's motion for summary judgment on CNC's cross claim [Doc. No. 38] is granted in part and denied in part. The Kennedys' motion to disclose settlement agreement [Doc. No. 63] is granted. The Kennedys' motion for leave to file a cross claim [Doc. No. 65] is denied.

Fed. R. Civ. P. 16(b).  The Kennedys' motion to incorporate and adopt [Doc. No. 66] is granted.

## I. BACKGROUND

Hudson Homes is suing the Kennedys and CNC for copyright infringement under 17 U.S.C. section 501 *et. seq.*  Compl. ¶ 25–34, Doc. No. 1.  CNC has asserted a cross-claim against the Kennedys and Michael Moore. Doc. No. 17.

Hudson Homes is a home design limited liability company that is wholly owned by Fred Hudson, Jr.  Pl.'s F. ¶ 1–3, Doc. No. 58.  Hudson is a home designer, and he created a home design that he named the Willowbrook Plan.  Hudson Homes marketed and sold the Willowbrook Plan online through a third-party website.  *Id.* ¶ 4, 7–8.  The Kennedys hired Moore to draw-up a house plan.  After viewing a modified version of the Willowbrook Plan online, the Kennedys sent Moore a web link to the design.  *Id.* ¶ 9–13.  The Kennedys then hired CNC to build their house using the plan prepared by Moore.  The Kennedys sent CNC a link to the modified version of the Willowbrook Plan.  *Id.* ¶ 13.

Hudson Homes is moving for partial summary judgment, the Kennedys and CNC move for summary judgment, and Moore moves for summary judgment on CNC's cross-claim.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P.

56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III. DISCUSSION

A. <u>Hudson Homes's Copyright Infringement Claim</u>

Defendants' motions for summary judgement and Hudson Homes's motion for partial summary judgment on its copyright infringement claim are denied because there is a question of fact as to whether the building plan prepared by Moore (the "Accused Plan") and the Kennedys' home built by CNC (the "Accused Home") are substantially similar to the Willowbrook Plan.

Copyright infringement requires proof of two elements: (1) ownership of a valid copyright and (2) copying of the constituent elements of the work that are original. *Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 731 (8th Cir. 2006); *Warner Bros. Ent'mt., Inc. v. X One X Prods.*, 644 F.3d 584, 595 (8th Cir. 2011); *Taylor Corp. v. Four Season Greetings, LLC*, 403 F. 3d 958, 962-963 (8th Cir. 2005). "Copying" may be established by "(1) direct

evidence or (2) by showing that defendants had access to the copyrighted materials and showing that substantial similarity of ideas and expression existed between the alleged infringing materials and the copyrighted materials." *Rottlund*, 452 F.3d at 731.

*1. Ownership*

Defendants do not have standing to challenge Hudson Homes's ownership of the copyright to the Willowbrook Plan. Consequently, summary judgment is denied.

Defendants challenge Hudson Homes's standing to bring this lawsuit because Hudson, not Hudson Homes, owned the copyright to the Willowbrook Plan at the time this lawsuit was filed. Def.'s Br. Supp. Mot. Summ. J. ("CNC Br.") at 3–5, Doc. No. 59; *See* Doc. No. 66; Def.'s Br. Supp. Resp. Mot. Summ. J. ("CNC's Resp. Br.") at 3–11, Doc. No. 74; Def.'s Br. Supp. Resp. Mot. Summ. J. ("Kennedys' Resp. Br.") at 2–4, Doc. No. 81. The copyright was assigned by Hudson to Hudson Homes in 2020 and Hudson Homes asserts that the assignment should be viewed *nunc pro tunc*. Pl.'s Br. Resp. Mot. Summ. J. ("Hudson Homes's Resp. Br.") at 15–18, Doc. No. 77; *Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586 (7th Cir. 2003). Hudson Homes also argues that defendants lack standing to challenge its ownership of the copyright. Hudson Homes's Resp. Br. at 17.

These competing arguments over standing are interesting; however, it appears that defendants lack standing to challenge Hudson's transfer of copyright ownership because there is no dispute between Hudson and Hudson Homes regarding ownership. *Rottlund Co. v. Pinnacle Corp.*, No. CIV.01-1980 DSD/SRN, 2004 WL 1879983 (D. Minn. Aug. 20,

2004), *report and recommendation adopted* (Oct. 19, 2004).  For this reason, defendants' motion for summary judgment on this issue of ownership is denied, and Hudson Homes's alternative motion for joinder [Doc. No. 61] is denied as moot.

*2. Copying*

Hudson Homes, the Kennedys, and CNC's motions for summary judgment are denied because there is a factual dispute as to whether the Accused Plan and the Accused Home are substantially similar to the Willowbrook Plan so as to violate Hudson Homes' copyright.

Where copying cannot be proven directly, this element can be established by showing "access (by the alleged infringer) and substantial similarity (between the works at issue)." *Moore v. Columbia Pictures Indus., Inc.*, 972 F.2d 939, 941–42 (8th Cir. 1992) (citing *Nelson v. PRN Prods., Inc.*, 873 F.2d 1141 (8th Cir. 1989)).  Hudson Homes must prove that defendants had a "reasonable possibility" of viewing the copyrighted work, not just a "bare possibility of access." *Id.* at 942.

Hudson Homes argues that it is entitled to partial summary judgment because the Kennedys and CNC referenced the modified Willowbrook Plan when designing the Accused Home, and the Accused Home is substantially similar to the Willowbrook Plan.  Pl.'s Br. Supp. Mot. Part. Summ. J. ("Hudson Homes Br.") at 13–21, Doc. No. 56.  The Kennedys and CNC argue that they did not have access to the Willowbrook Plan.  Kennedys' Br. Supp. Mot. Summ. J. ("Kennedys' Br.") at 3–6, Doc. No. 52;  Kennedys' Resp. Br at 6–12; CNC Resp. Br. at 3–10.

5

Whether defendants viewed the Willowbrook Plan is disputed and there is evidence supporting Hudson Homes's position that defendants had a "reasonable possibility" of viewing the Willowbrook Plan. This is true because the Kennedys reviewed the online listing of the modified Willowbrook Plan and they specifically referenced the website when asking Moore to draw the Accused Plan.  Def.'s Mot. Summ. J. ("Kennedys' Mot.") Ex. A, Doc. No. 54-1; *Sullivan v. Prince,* No. 3:09CV0009 JMM, 2010 WL 330351 (E.D. Ark. Jan. 20, 2010) (finding a reasonable possibility of access where defendant possessed a "sketch" of the protected plan); *Benchmark Homes, Inc. v. Legacy Home Builders, L.L.C.,* No. 8:03CV527, 2006 WL 994566 (D. Neb. Jan. 27, 2006) (finding builder had access to copyrighted work where it viewed plaintiff's sales brochure and promotional material). CNC viewed the website provided by the Kennedys when it built the Accused Home. Kennedys' Mot. Ex. B. at 2; *Benchmark Homes, Inc.,* No. 8:03CV527, 2006 WL 994566.

Now, the question is whether the Accused Home is substantially similar to the Willowbrook Plan. *Moore*, 972 F.2d at 942.  The evidence on this issue is in dispute and must be submitted to the jury to determine.  Substantial similarity involves a two-step analysis. *Frye v. YMCA Camp Kitaki*, 617 F.3d 1005, 1008 (8th Cir. 2010).  First, the extrinsic test focuses on the objective similarities in the details of the work. *Id.*  Second, the intrinsic test looks to the "similarity of expression . . . depending on the response to the ordinary, reasonable person to the forms of expression." *Id.*  The Kennedys argue that even if the Accused Home is substantially similar to the Willlowbrook Plan, Hudson Homes is not

6

entitled to protection for standard home features. Kennedys' Resp. Br. at 12–14. This argument is unpersuasive because Hudson Homes claims that defendants infringed on its copyright to the Willowbrook Plan as a whole, not specific elements of the plan. *See McDonald Constr., Inc. v. Oborn*, No. 15-CV-3126 (JRT/TNL), 2016 WL 3232899 (D. Minn. May 19, 2016), *report and recommendation adopted*, No. CV 15-3126 (JRT/TNL), 2016 WL 3248223 (D. Minn. June 10, 2016) (rejecting similar argument where plaintiff alleged copyright over the design plan for the entire home).

Finally, although they seem objectively similar, reasonable minds may differ on whether the Accused Home and the Willowbrook Plan are substantially similar in expression. *Hartman v. Hallmark Cards, Inc.*, 833 F2d 117, 120-21 (8th Cir. 1997) *(*quoting *Litchfield v. Spielberg*, 736 F.2d 1352 (9th Cir. 1984)). While Hudson Homes lists numerous similarities between the Willowbrook Plan and the Accused Home, Hudson Homes's Br. at 17–21, there are notable differences in the floor plan and the outward appearance of the Accused Home– particularly the rear of the home. Pl.'s Reply Supp. Mot. Summ J. ("Hudson Homes's Reply to Kennedys") at 14–19, Doc. No. 85.

B.     Moore's Motion for Summary Judgment

Summary judgment is granted on CNC's cross-claim for breach of implied covenant of good faith and fair dealing because it is not recognized under Arkansas law. *Arkansas Rsch. Med. Testing, LLC v. Osborne*, 2011 Ark. 158 at 3. Summary Judgment is granted on CNC's cross-claim for unjust enrichment because CNC has produced no evidence that Moore

received any benefits from CNC. *Hall v. David H. Arrington Oil & Gas, Inc.*, No. 209-CV-0091 BSM, 2010 WL 1253383 (E.D. Ark. Mar. 25, 2010) (listing four elements of unjust enrichment).

Summary judgment is denied on CNC's cross claim for fraudulent concealment and nondisclosure because there is a material question of fact concerning the nature and extent of the relationship between CNC and Moore. *Hobson v. Entergy Arkansas, Inc.*, 2014 Ark. App. 101, 11, 432 S.W.3d 117, 125 (2014) ("liability may occur where the parties have a relation of trust and confidence or where there is inequality of condition and knowledge, or where there are other attendant circumstances.") (citing *Holiday Inn Franchising, Inc. v. Hotel Assocs., Inc.*, 2011 Ark. App. 147, 382 S.W.3d 6). Although CNC relies on emails seeming to show its reliance on Moore, Pl.'s Resp. Mot. Summ. J. Cross-cl. at 5, Doc. No. 48, Moore asserts that the emails refer to a different Mike, who was the Kennedys' loan officer. Reply Supp. Mot. Summ. J. Cross-Cl. at 8–9, Doc. No. 68. For the same reason, summary judgment is denied on CNC's cross-claim for breach of implied contract, s*ee Steed v. Busby*, 268 Ark. 1, 593 S.W.2d 34 (1980) (outlining the elements for a claim of breach of an implied contract), and its cross-claim for negligent misrepresentation, construed as a claim for fraud.

C.   Motion for Disclosure of Settlement Agreement

The Kennedys' motion to disclose settlement agreement [Doc. No. 63] is granted because it is relevant to their defense and damage calculations. *See Zean v. eFinancial, LLC*,

8

No. 19-CV-2958 NEB/TNL, 2021 WL 1732261 at 4 (D. Minn. May 3, 2021) (ordering plaintiff to produce settlement agreement where it was relevant to "Defendants' defense of the allegations against them, as well as damages calculations").

IT IS SO ORDERED this 7th day of January, 2022.

_____
UNITED STATES DISTRICT JUDGE